IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| GDF SUEZ ENERGY NORTH AMERICA, INC. | ) ) | PLAINTIFF/COUNTER-DEFENDANT |
| | ) | |
| V. | ) | CIVIL ACTION NO. :  1:11cv219-A-S |
| | ) | |
| DAVID GERHART | ) | DEFENDANT/COUNTER-PLAINTIFF |
| | ) | |

**GDF SUEZ ENERGY NORTH AMERICA, INC.'S
ANSWER AND DEFENSES TO COUNTER-COMPLAINT**

**COMES NOW** GDF Suez Energy North America, Inc. (hereinafter "GDF Suez"), and files this Answer and Defenses to the Counter-Complaint asserted by David Gerhart (hereinafter "Gerhart").

**FIRST DEFENSE**

Gerhart fails to state a claim against GDF Suez upon which relief can be granted.

**SECOND DEFENSE**

Gerhart has not pled and cannot establish the elements necessary to prove negligent and/or fraudulent misrepresentation as alleged in his Counter-Complaint.

**THIRD DEFENSE**

Gerhart is not entitled to any damages whatsoever under the facts of this case, and as a matter of law.  Additionally, GDF Suez denies the nature and extent of Gerhart's claimed damages.

**FOURTH DEFENSE**

To the extent that Gerhart is entitled to recover any damages at all in this action, he has failed or refused to mitigate them and to that extent is barred from recovery or in the alternative,

his recovery, if any, should be offset by his failure or refusal to mitigate his alleged damages. Gerhart failed to take reasonable steps to avoid damages. He engaged in contributory conduct and does not have clean hands. Any alleged damages should be barred by the equitable doctrine of estoppel and/or because he waived his right to recover damages by any or all of the above. Moreover, if Gerhart was damaged, which damages are denied, the damages were proximately caused by or contributed to solely by the acts, wrongs, or omissions of Gerhart or other persons, entities, forces, or things over which GDF Suez had no control and/or for which GDF Suez is not responsible, and/or which GDF Suez had no knowledge. In the further alternative, Gerhart fails to claim or assert any facts or circumstances that would warrant punitive damages against GDF Suez, and GDF Suez's actions exhibited no extreme or outrageous conduct and GDF Suez has not taken any unlawful action with respect to Gerhart or his employment.

**<u>FIFTH DEFENSE</u>**

Answering further, while Gerhart is not entitled to any relief against GDF Suez and while no recovery may be had against GDF Suez for each and all of the reasons contained in this Answer and for the reason GDF Suez has not violated any law asserted in any manner whatsoever, in any event, GDF Suez says to the extent Gerhart seeks recovery of punitive damages, the same may not be recovered for the reason that under the applicable law punitive damages may not be recovered in the context of this instant action, and further that punitive damages may not be recovered for the following reasons: (a) to the extent the Complaint seeks punitive or exemplary damages violating GDF Suez's rights to protection against excessive fines as prohibited by the Eighth Amendment to the United States Constitution; (b) to the extent the Complaint seeks punitive or exemplary damages violating GDF Suez's rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States

Constitution; and (c) to the extent the Complaint seeks punitive damages, thereby subjecting GDF Suez to criminal sanctions through punitive damages, the burden of proof required to impose such damages should be beyond reasonable doubt and should also be in accordance with the requirements and protections of the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution.

## SIXTH DEFENSE

GDF Suez denies that Gerhart has sustained any damages as a result of GDF Suez's conduct. Notwithstanding this denial of liability, GDF Suez avers that Gerhart failed to mitigate any alleged losses by the exercise of reasonable diligence and, therefore, Gerhart can obtain no monetary recovery. Further, Gerhart's conduct contributed to his harm and/or Gerhart assumed the risk by virtue of his conduct.

## SEVENTH DEFENSE

The claims asserted in Gerhart's Counter-Complaint are barred in whole or in part by the doctrines of waiver, laches, estoppels, and/or unclean hands.

## EIGHTH DEFENSE

Any claim for punitive/exemplary damages is barred by GDF Suez's good faith effort to comply with the law and the absence of *respondeat superior* and vicarious liability.

## NINTH DEFENSE

GDF Suez reserves the right to articulate additional defenses of which it may become aware during the course of this proceeding.

## TENTH DEFENSE

### Answer

Now answering the specific allegations of Gerhart's Counter-Complaint, GDF Suez states as follows:

1.      GDF Suez admits that it is a Delaware corporation and operates a facility in Ackerman, Mississippi.  Any and all other averments as stated in the first paragraph of Gerhart's Counter-Complaint (numbered 10) are denied.

2.      GDF Suez admits the second paragraph of Gerhart's Counter-Complaint (numbered 11).

3.      For purposes of this litigation, GDF Suez will admit the third paragraph of Gerhart's Counter-Complaint (numbered 12).

4.      GDF Suez admits that Gerhart accepted an offer of employment and was hired around May 2008 and that Gerhart executed a relocation agreement with GDF Suez and moved his family to Mississippi.  All other averments stated in the fourth paragraph of Gerhart's Counter-Complaint (numbered 13) are denied.

5.      GDF Suez admits that Gerhart communicated to various individuals employed by GDF Suez that he was experiencing issues related to the State of Mississippi's requirement of immunization for school children and that he did not desire to have his daughter immunized.  All other averments as stated in the fifth paragraph of Gerhart's Counter-Complaint (numbered 14) are denied.

6.      GDF Suez admits that Gerhart applied for various transfers prior to his resignation from the company.  All other averments stated in the sixth paragraph of Gerhart's Counter-

Complaint (numbered 15) are denied, including, but not limited to, any reference to the substance of unauthenticated or incomplete email correspondence.

7.      GDF Suez admits that Gerhart applied for a vice-president's position in Hartford, Connecticut and did not interview for that position.  All other averments stated in the seventh paragraph of Gerhart's Counter-Complaint (numbered 16) are denied.

8.      GDF Suez admits that Gerhart was advised that GDF Suez did not desire his immediate departure from the Red Hills facility such that the facility would be left in a bind. GDF Suez further admits that Gerhart advised various individuals that he desired to relocate due to an alleged situation concerning his daughter and State of Mississippi requirements for immunization.   All other averments stated in the eighth paragraph of Gerhart's Counter-Complaint (numbered 17) are denied.

9.      GDF Suez admits that Gerhart and Terry Munroe had discussions during which Mr. Munroe generally advised Gerhart that Gerhart's efforts had accomplished GDF Suez's expectations for improvements at the Red Hills facility and that he had no objection to Gerhart transferring to another position within the company.  All other averments stated in the ninth paragraph of Gerhart's Counter-Complaint (numbered 18) are denied.

10.     GDF Suez admits that on or about March 28, 2011, Gerhart resigned from his employment with GDF Suez and that soon thereafter he and Terry Munroe discussed his resignation.  GDF Suez further admits that Gerhart and Terry Munroe had discussions during which Mr. Munroe generally advised Gerhart that Gerhart's efforts had accomplished GDF Suez's expectations for improvements at the Red Hills facility and that he had no objection to Gerhart transferring to another position within the company.  All other averments stated in the tenth paragraph of Gerhart's Counter-Complaint (numbered 19) are denied.

11.     GDF Suez admits the eleventh paragraph of Gerhart's Counter-Complaint (numbered 20) except that it denies that Gerhart told Melanie Pruitt that Terry Munroe had made prior statements in regard to Gerhart's repayment of relocation costs or that Ms. Pruitt agreed to talk to Mr. Munroe specifically about "those issues."

12.     GDF Suez admits that Gerhart communicated with Terry Munroe via email in which he asked Terry Munroe to take care of the issue regarding his obligation to repay GDF Suez for relocation expenses and asked him to discuss the same with Melanie Pruitt.  GDF Suez also admits that Gerhart withdrew his resignation from the company.  All other averments stated in the twelfth paragraph of Gerhart's Counter-Complaint (numbered 21) are denied.

13.     GDF Suez admits that Gerhart again resigned his employment with GDF Suez and upon information and belief began new employment with an employer located in Tampa, Florida.  All other averments stated in the thirteenth paragraph of Gerhart's Counter-Complaint (numbered 22) are denied and it is specifically denied that Gerhart was ever relieved of any financial obligation he contracted to assume under the relocation agreement.  GDF Suez would further deny any averments which reference the substance of email correspondence that is unauthenticated or incomplete.

14.     GDF Suez admits that Gerhart and Terry Munroe had discussions during which Mr. Munroe generally advised Gerhart that Gerhart's efforts had accomplished GDF Suez's expectations for improvements at the Red Hills facility and that he had no objection to Gerhart transferring to another position within the company.  All other averments stated in the fourteenth paragraph of Gerhart's Counter-Complaint (numbered 23) are denied.

15.     GDF Suez denies the fifteenth paragraph of Gerhart's Counter-Complaint (numbered 24).

16.     GDF Suez denies the sixteenth paragraph of Gerhart's Counter-Complaint (numbered 25).

17.     GDF Suez denies the seventeenth paragraph of Gerhart's Counter-Complaint (numbered 26) and specifically denies that Gerhart is entitled to any relief whatsoever as alleged.

18.     GDF Suez denies the last unnumbered paragraph of Gerhart's Counter-Complaint, beginning "WHEREFORE, PREMISES CONSIDERED", and specifically denies that Gerhart is entitled to any relief whatsoever as alleged.

## ELEVENTH DEFENSE

Answering further, the Counter-Complaint fails to assert a cause of action recognized under state of federal law.  GDF Suez did not engage in unlawful conduct as alleged in the Counter-Complaint.   Thus, the Complaint filed herein is frivolous, unreasonable and/or groundless and totally and wholly without merit and filed and maintained in bad faith and as a result thereof, the same should be dismissed in its entirety and GDF Suez awarded its reasonable attorney fees and costs incurred in the defense of the asserted claims pursuant to the Federal Rules.

## TWELFTH DEFENSE

GDF Suez hereby ratifies, realleges and restates all matters and things contained in its Complaint filed in this matter against Gerhart, and makes the same a part hereof by this reference thereto as if fully copied herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff/Counter-Defendant GDF Suez Energy North America, Inc. respectfully moves this Honorable Court, after due proceedings are had, to enter judgment in its favor on all counts of the Counter-Complaint, dismissing Defendant/Counter-Plaintiff's claims in their entirety, taxing all costs against the

Defendant/Counter-Plaintiff and awarding Plaintiff/Counter-Defendant a reasonable attorney's fee due to the frivolous nature of the Counter-Complaint.

RESPECTFULLY SUBMITTED,

/s/LESLIE P. BARRY
**LESLIE P. BARRY (MS Bar No.  99110)**
**THE KULLMAN FIRM**
A Professional Law Corporation
Suite 704, Court Square Towers
200 6th Street North
Post Office Box 827
Columbus, MS  39703-0827
Tel: (662) 244-8824
Fax: (662) 244-8837
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, the undersigned, Leslie P. Barry, do hereby certify that I have this date electronically filed the foregoing **GDF SUEZ ENERGY NORTH AMERICA, INC.'S ANSWER AND DEFENSES TO COUNTER-COMPLAINT**  with the Clerk of the Court using the ECF which sent notification of such filing to the following:

> **Marc D. Amos**
> NICHOLS, CROWELL, GILLIS, COOPER & AMOS
> **Post Office Box 1827**
> **Columbus, MS 39703**
> mamos@nicholscrowell.com
> *Attorney for David Gerhart*

**THIS**, the 18th day of November, 2011.

/s/LESLIE P. BARRY
**LESLIE P. BARRY**
